# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 11-7152-GFVT-CJS |
| ) | Criminal No. 09-47-GFVT-CJS |
| V. ) | |
| ) | |
| DAVID HOWARD, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On January 18, 2011, Defendant David Howard, through counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R. 23). On March 3, 2011, the United States filed a Response (R. 27), to which Howard filed a Reply (R. 30). Having all relevant documents before the Court, the matter is now ripe for consideration and the issuance of a Report and Recommendation. 28 U.S.C. § 636(b). For reasons set forth below, it is recommended that the District Court **DENY** Howard's § 2255 motion.

## I. Background

On July 15, 2009, Defendant entered a plea of guilty to an Information charging him with one count of distribution of Oxycodone. (R. 11). In the written Plea Agreement between Defendant and the United States, which the Court accepted on November 5, 2009, Howard expressly agreed to waive his rights to appeal and collaterally attack his guilty plea, conviction, and sentence. (R. 17, at ¶ 8). The Plea Agreement also reflected that Defendant understood the Agreement, that his

attorney had fully explained it to him, and that he was entering into the Agreement knowingly and voluntarily. *Id.* at ¶ 14.

On November 5, 2009, the Court denied Defendant's objections to the application of the two-point firearm enhancement to his sentencing guideline calculation, which was added due to his possession of a .38 caliber firearm. (R. 25, at 12-15). The District Court sentenced Howard to forty-eight months imprisonment, with three years of supervised release to follow. (R. 20). Defendant did not file a direct appeal.

On January 18, 2011, Howard filed the pending Motion to Vacate, Set Aside, or Correct Sentence (R. 23). In his motion, Howard requests that the Court remove the two-point firearm enhancement from his sentence, so he can qualify for early release upon his completion of the Bureau of Prisons' (BOP) Residential Drug Abuse Program (RDAP). (R. 23, at 2).[1]

**II.     Analysis**

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief on grounds that his sentence violates the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

**A.     Defendant has Procedurally Defaulted his Claim**

Challenges to a sentence must generally be made on direct appeal or they are waived. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in

---

[1] In his Reply, Howard states that he is not seeking to have his sentence vacated, nor is he challenging the validity of his sentence. Instead, he simply seeks the removal of the firearm enhancement so that he can be eligible for a sentence reduction upon successfully completing the RDAP. (R. 30)

2

habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that [he] is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Here, Howard did not file an appeal challenging the Court's application of the two-level firearm enhancement. In addition, he does not assert that he is actually innocent of the crime charged. To the contrary, he pled guilty and does not otherwise contend the plea was invalid. Furthermore, Howard has not demonstrated cause for his failure to challenge his sentence on direct appeal. Therefore, he has procedurally defaulted his objection to the sentencing enhancement.

### B. Defendant's Motion is Time Barred

Even if Howard had not procedurally defaulted his claim, it is time barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes that § 2255 motions are subject to a one-year limitation period. *See* 28 U.S.C. § 2255. This one-year period runs from "the latest of" four specified events, only two of which are relevant in this case: "(1) the date on which the judgment of conviction becomes final . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

The Sixth Circuit has held that "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (citing *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (stating that "an unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of § 2255 statute of limitations").

In the present case, Judgment was entered on November 12, 2009, after which Defendant had ten days, or until November 23, 2009,[2] to appeal the sentence imposed by the Court. (R. 20). Defendant did not file a direct appeal; therefore, he had until November 22, 2010, one-year from the date his conviction became final, in which to file a § 2255 motion. The Government argues that Howard's pending motion, which was filed on January 18, 2011, is time-barred. Howard argues that his motion is timely because he was "unaware of the facts supporting his Motion until after April 14, 2010," when he filed a request with the Warden "seeking to be eligible for early release/time off following his completion of RDAP." The Warden denied Howard's request due to the two-point firearm enhancement. Therefore, Howard asserts that the one-year limitation period would not have begun to run until his request was denied and he "learned of the 'facts supporting the claim' he is now presenting."

The record reflects Howard was fully aware the two-point firearm enhancement had been applied in calculating his sentence when the Judgment was entered on November 12, 2009. (R. 20). Defendant's argument is not that he was unaware of the firearm enhancement, but that he was not aware of the effect the enhancement would have on his ability to participate in the BOP's incentive for completing its RDAP. Defendant has not cited a case, and this Court has not found one, that holds that the discovery of the effect of a known fact falls under 28 U.S.C. § 2255(f)(4). Therefore, Howard's motion is untimely.

Moreover, equitable tolling does not prevent dismissal of the Defendant's Motion. In determining whether equitable tolling is appropriate, courts look to the following factors: (1) a

---

[2] Since the tenth day after the Judgment was a Sunday, his appeal was due on November 23, 2009. See Fed. R. Civ. Proc. 6(a). The three days for mailing does not apply to the period for filing a notice of appeal. *United States v. Smith*, No. 87-5458, 1987 WL 44633, at *1 (6th Cir. Sept. 3, 1987).

defendant's lack of notice of the filing requirement; (2) a defendant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the Government; and (5) a defendant's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). The Sixth Circuit cautions that courts should apply the doctrine sparingly. *Id*. Further, it is the defendant who bears the burden of justifying equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Here, Defendant Howard has not offered any argument or support to justify any period of equitable tolling. Thus, Howard's motion is time-barred.

### C. Defendant's Valid Waiver Bars Relief

Even if his motion were not time barred, it would be barred by the express waiver contained in his Plea Agreement. It is well established that a defendant may waive any right, including a constitutional right, in a plea agreement provided that the waiver is knowing and voluntary. *See, e.g.*, *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collateral attack bars such relief. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). The exception to this rule is where the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson*, 165 F.3d at 489).

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. In his Plea Agreement, Defendant expressly waived his right to appeal and to collaterally attack his guilty

5

plea, conviction, and sentence. The transcript of the rearraignment establishes that his plea was knowing and voluntary.

During the plea colloquy, Howard confirmed to the Court that he had reviewed the Plea Agreement with counsel, understood all of its terms, and that the documents represented the complete agreement between the parties. (R. 26, at 14, 19-20). Howard also verified that no one had made any further promises to him that were not reflected in the Agreement. *Id.* at 20. He also stated that he was not threatened, forced, or coerced to enter into the Agreement. *Id.*

In addition to the written Plea Agreement, the Assistant United States Attorney orally advised the Court and the Defendant of the contents of the Plea Agreement in open court, including that "the Defendant has waived the right to appeal and the right to attack collaterally his guilty plea, his conviction, and his sentence, including any order of restitution." (R. 26, at 17). The Court specifically discussed the waiver provision with Howard to insure that he fully understood its meaning:

> THE COURT: Now, typically, a defendant has a right to appeal any of those matters, get a group of three judges, other judges, to take a look at this and review it, but you're waiving that right.
>
> Did you have a chance to discuss that with your lawyer? Do you remember him pointing that out to you?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Did he explain the consequence of it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: [Defendant's counsel], do you believe your client understands the consequence of waiving those appeal rights?
>
> DEFENDANT'S COUNSEL: Yes, Judge.

*Id.* at 27-28. After a thorough colloquy, the District Court concluded that "based on the representations of counsel and the responses provided by the defendant . . . the waiver of appeal and collateral attack as to the guilty plea, conviction, and sentence, including any order of restitution, is knowing, it's voluntary, and the defendant understands the consequences of the waiver." *Id.* at 28.

Defendant does not attempt to revoke the Plea Agreement or challenge the validity of the actual waiver. Nor is there any suggestion that Defendant did not understand the waiver or that he did not sign it voluntarily. Defendant effectively waived his right to collaterally attack his conviction and sentence when he entered into the Plea Agreement. Therefore, since Defendant does not attack the validity of the Plea Agreement or the waivers contained therein, his waiver precludes a collateral attack of his conviction and sentence under 28 U.S.C. § 2255. *In re Acosta*, 480 F.3d at 422-23.

### D. Defendant's Claim lacks Merit

Even if Defendant's motion was not time barred or waived, his claim lacks merit. Under 18 U.S.C. § 3621(e)(2)(B) it is in the discretion of the BOP, not this Court, as to whether a prisoner is admitted into its RDAP and whether he will be given a reduction in his "period of custody" as an incentive for his participation. *See Lopez v. Davis*, 531 U.S. 230, 240-45 (2001). Under the statute, Congress mandated that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Thus, if the Bureau has determined Howard has a treatable substance abuse condition, he will be provided with treatment regardless of the firearm enhancement.

The firearm enhancement has an effect not on his ability to get treatment, but his ability to qualify for the incentive of a reduction in his period of custody for successfully completing the program. As discussed above, the presiding District Judge found, at the sentencing hearing, that the

facts in this case warranted the two-point firearm enhancement. Defendant has not presented any new information that was not already considered by the District Judge. Therefore, there is no basis for the removal of the enhancement.

In addition, Defendant's citation to *United States v. Fraley*, No. 05-188-KSF, 2007 WL 1876455 (E.D. Ky. June 27, 2007), is of no avail. In that case, the defendant made a similar claim as Howard makes here. *Fraley*, however, is distinguishable from the case at bar since the United States had no objection to Fraley's motion. Furthermore, Fraley established that both the Court and the Government intended, at the time of sentencing, that she would be credited with early release upon completion of the drug abuse program. Here, Defendant has not made such a showing and the Government opposes his motion.

**III.     Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a defendant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without

reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Defendant's § 2255 motion or conclude that the issues presented are adequate enough to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### IV.    Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** as follows:

(1)    Defendant Howard's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. 23) be **denied**;

(2)    A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(3)    This action be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or

objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 26th day of April, 2011.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2255 R&R general\09-47-howardpleawaiver R&R.wpd