UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | Criminal No. 09-47-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DAVID HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court upon the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [R. 23] filed by Defendant David Howard. Howard asks the Court to remove the firearm enhancement that resulted in a two-point increase in his offense level at sentencing so that can be eligible for early release after completion of the Federal Bureau of Prison's (BOP) Residential Drug Abuse Program (RDAP). Consistent with local practice, this matter was referred to Magistrate Judge Candace J. Smith for initial screening and preparation of a report and recommendation. Judge Smith filed her Report and Recommendation ("R&R") [R. 31] on April 26, 2011.

In her R&R, Judge Smith recommends that the Court deny Howard's § 2255 motion. [*Id.*] First, she finds that Howard has procedurally defaulted his claim because he did not directly appeal the Court's application of the two-level firearm enhancement and he does not challenge his guilty plea or otherwise assert that he is actually innocent of the crime charged. [*Id.* at 2-3.] Second, Judge Smith finds that Howard's motion is time-barred, as he failed to file it within one year of his awareness that the firearm enhancement had been applied in calculating his sentence. [*Id.* at 3-5.] Third, Judge Smith finds that Howard's valid waiver of his right to collaterally

attack his sentence in his plea agreement bars the relief he now seeks. [*Id.* at 5-7.] Finally, Judge Smith finds that Howard's claim fails on the merits, as he has presented no evidence that was not before the Court at sentencing that would serve as the basis for the removal of the enhancement. [*Id.* at 7-8.] Additionally, she notes that the firearm enhancement does not affect Howard's ability to receive drug treatment through the BOP, but only his ability to qualify for a reduction in his period of custody as an incentive for successfully completing the program. [*Id.* at 7.]

Howard filed Objections [R. 32] to Judge Smith's R&R. This Court must review *de novo* those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. After examining and analyzing these materials, the Court reaches precisely the same disposition recommended by Judge Smith, and her R&R will be adopted as and for the opinion of the Court. Indeed, there is little the Court could add to Judge Smith's analysis that would not be repetitious. The Court, however, would like to briefly address a few of Howard's arguments.

Howard stresses that he did not know that he would be ineligible to receive a reduction in his sentence after completion of the RDAP as a result of the two-level firearm enhancement until after the time to file a direct appeal had expired. Thus, he argues that he should not be found to have procedurally defaulted his claim. He further argues that his § 2255 motion should not be considered time-barred because he filed it within one year of discovering the facts supporting his claim. *See* 28 U.S.C. § 2255(f)(4). But the fact that the enhancement only matters to him now is insufficient to excuse his procedural default of the claim and his failure to file the § 2255 motion within one year of the judgment becoming final. The important fact is that Howard knew about

the enhancement at the time of sentencing. It doubtless led to an increase in his recommended guideline sentencing range and his sentence. The Court is not inclined to remove a properly applicable sentencing enhancement simply because it could result in a reduction in Howard's sentence at the discretion of the BOP. *See* 18 U.S.C. § 3621(e)(2)(B).

Howard notes that the plea agreement in his case did not involve any gun or weapons charges. This, however, does not change the fact that Howard voluntarily waived his right to appeal and collaterally attack his sentence [*see* R. 17 at ¶ 8], a sentence which included consideration of the firearm enhancement.

Howard places considerable emphasis on *United States v. Fraley*, 2007 WL 1876455 (E.D. Ky. June 27, 2007), a decision made by a sister court in this District. In *Fraley*, the Court granted the defendant's § 2255 motion, amending her PSR to remove the two-point offense level firearm enhancement so that she could be eligible for credit on her sentence upon completion of the RDAP. *Id.* at *1. In *Fraley*, however, the United States did not object to the § 2255 motion. *Id.* The same is not true here. [*See* R. 27.] Additionally, during the *Fraley* sentencing, both counsel for the United States and the Court expressed the mistaken belief that the defendant could get a reduction in her sentence despite the firearm enhancement, and the record is clear that the Court intended for the defendant to get such a reduction. *Fraley*, 2007 WL 1876455, at *3-4. The Court did not express the same intention here. [*See* R. 25, Sentencing Transcript.] Thus, *Fraley* is distinguishable, and, regardless, it is not binding on this Court.

Finally, consistent with Judge Smith's recommendation, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Howard's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as

follows:

1. The Magistrate Judge's Report and Recommendation [R. 31] is **ADOPTED** as and for the opinion of this Court;

2. The Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [R. 23] is **DENIED**;

3. The Defendant's § 2255 proceeding is **DISMISSED WITH PREJUDICE**;

4. A Certificate of Appealability is **DENIED**; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 23rd day of August, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge